**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES KLOPFER, | : | Case No. 1:24-cv-726 |
| Plaintiff, | : | |
| | : | District Judge Jeffery P. Hopkins |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| VA HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

On December 17, 2024, Plaintiff, a prisoner at the Kenton County Detention Center, filed a Complaint in this Court. (Doc. 1). Plaintiff did not pay the filing fee or submit a motion for leave to proceed *in forma pauperis*, however. (*See* Doc. 2). On February 5, 2025, after Plaintiff failed to respond to the Clerk of Court's Notice of Deficiency, the Court issued a Deficiency Order requiring Plaintiff to pay $405 ($350 filing fee plus $55 administrative fee), or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form within thirty (30) days. (Doc. 3). Plaintiff was advised that failure to comply with the Deficiency Order would result in the dismissal of this case for want of prosecution. (*Id.* at PageID 15).

Plaintiff subsequently filed an incomplete motion for leave to proceed *in forma pauperis*. (*See* Doc. 4). On March 12, 2025, the Court issued a second Deficiency Order, ordering Plaintiff to pay $405 ($350 filing fee plus $55 administrative fee), or submit a

certified copy of his prison trust fund account statement (or institutional equivalent) within thirty (30) days of the date of the Order. (Doc. 6). Plaintiff was again advised that if he "fails to comply with this Order, then the undersigned Magistrate Judge may recommend that the Court dismiss his case for want of prosecution." (*Id.* at PageID 40) .

Plaintiff's response to the Court's Deficiency Order (Doc. 6) was due on April 11, 2025. That deadline elapsed two weeks ago, and Plaintiff has failed either to comply with the Order or seek additional time to do so.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

April 25, 2025  /s/ *Caroline H. Gentry*
Date  Caroline H. Gentry
  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS**

2

after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).